IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


UNITED STATES

VS.                                    CRIMINAL ACTION NO. 3:09-cr-8(DCB)

UNDRA DEMETRIUS JOHNSON


MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Undra Demetrius Johnson ("Johnson")'s motion to dismiss the indictment **(docket entry 16)**.  Having carefully considered the motion and the government's response, and being fully advised in the premises, the Court finds that no oral hearing is necessary, and finds as follows:

The indictment in this case charges Johnson with one count of failure to register or update his registration as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a).  Johnson moves for dismissal on several grounds.  His motion presents the following issues:

1. Whether a defendant convicted of a sexual offense in 1995 must be given actual notice of SORNA.

2. Whether SORNA violates the Ex Post Facto Clause of the United States Constitution.

3. Whether SORNA violates the Tenth Amendment of the United States Constitution.

4. Whether SORNA violates the Non-Delegation Doctrine.

5. Whether SORNA violates the Commerce Clause of the United States Constitution.

6. Whether SORNA is applicable to Johnson in the absence of the State of Mississippi adopting same.

7. Whether the regulations issued by the Attorney General of the United States violate the Administrative Procedure Act.

## FACTS

On October 20, 1995, Johnson was convicted in Pike County, Mississippi of one count of Gratification of Lust, a sex offense, in violation of Miss. Code Ann. § 97-5-23. The victim was a nine-year-old boy. Johnson was sentenced to serve eight years in the custody of the Mississippi Department of Corrections ("MDOC") with 4 years suspended, and was released from the custody of MDOC on or about May 20, 1999. On March 9, 1999, while still in the custody of MDOC, Johnson signed an Acknowledgment of Convicted Sex Offender's Duty to Register. In 2005 Johnson moved to Iowa and was convicted of failure to register as a sex offender on June 6, 2007, in Black Hawk County, Iowa. Since his 1995 conviction for Gratification of Lust in Pike County Mississippi, Johnson has acknowledged his duty to register as a convicted sex offender in both Mississippi and Iowa. See Acknowledgments of Convicted Sex Offender's Duty to Register (Mississippi), dated March 9, 1999 and August 13, 2002; Mandatory Sex Offender Re-Registration and

Verification (Mississippi), dated May 8, 2004; Notice of Duty to Register (Iowa), dated December 15, 2005; Sex Offender Registration (Iowa), dated December 15, 2005.

On July 27, 2006, Congress passed the Adam Walsh Child Protection and Safety Act, including SORNA (Title I). Johnson moved from Iowa to Mississippi on or about January 1, 2008, and, according to the indictment, failed to register as a sex offender with the State of Mississippi as required by Miss. Code Ann. § 45-33-25, et seq. The indictment in this case, filed on January 22, 2009, charges that on or about January 1, 2008, the defendant, having been convicted of Gratification of Lust in violation of Miss. Code Ann. § 97-5-23, traveled in interstate commerce and knowingly failed to register or update his registration as a sex offender as required by SORNA, in violation of 18 U.S.C. § 2250(a).

LAW

The Court now addresses each of Johnson's grounds for dismissal of the indictment.

**1. Whether a defendant convicted of a sexual offense in 1995 must be given actual notice of SORNA.**

The Defendant argues that the Government was required to provide him with actual notice of SORNA's registration requirement before prosecuting him for "knowingly" failing to register. Johnson registered as a sex offender multiple times in Mississippi and Iowa prior to the enactment of SORNA. One of the Mississippi

forms signed by the Defendant states, in part:

> Records maintained by the Mississippi Sex Offender Registry at the Department of Public Safety show that you are a convicted sex offender ... Failure to complete and return this form within ten (10) days, or forgery or submission of information under false pretenses, is a felony punishable by a fine of not more than $5,000 or imprisonment in the state penitentiary for not more than 5 years, or both ... You must report any change of address in writing to the Mississippi Sex Offender Registry no less than 10 days before residing at the new address.

Mandatory Sex Offender Re-Registration and Verification (Mississippi), May 8, 2004.

The defendant's signatures on the Mississippi and Iowa registration notifications are sufficient evidence that he was made aware of his legal duty to register.  As the United States District Court for the Western District of Texas recently stated, "If failure to have specific knowledge of the particular statue you have been accused of violating were a pre-requisite to conviction, there would rarely, if ever, be a conviction.  Due process does not require specific notice."  <u>United States v. Torres</u>, 573 F.Supp.2d 925, 944 (W.D. Tx. 2008)(citing <u>United States v. Samuels</u>, 543 F.Supp.2d 669, 673-674 (E.D. Ky. 2008)).  The Due Process Clause of the Fifth Amendment provides that "No person shall ... be deprived of life, liberty, or property, without due process of law ...."  U.S. Const. Amend. V.  While notice is a fundamental principle of due process, "the Constitution does not require personal notice in every situation in which Government action impacts a person's life,

4

liberty, or property. Rather, 'due process is flexible and calls for such procedural protections as the particular situation demands.'" Hoover v. Johnson, 198 F.3d 366, 371 (5th Cir. 1999); Kaplan v. United States, 133 F.3d 469, 475 (7th Cir. 1998)(citing Gilbert v. Homar, 520 U.S. 924, 930 (1997)).

In this case, Johnson was personally aware of the registration requirement because it was explicitly stated on the registration acknowledgments he signed in Mississippi and Iowa. The possibility that he may not have been aware of a new law imposing a higher penalty on that same behavior does not violate due process rights. Due process demands he have notification that his behavior was illegal, but Johnson cannot claim it also demands he be personally notified every time a new law modifies the penalties or requires behavior already required by known laws.

Johnson likens his case to Lambert v. The People of the State of California, 355 U.S. 225 (1958), in which a felon registration law was held to violate due process because of its failure to provide notice. However, in that case, the registration law was the first such law to apply to the defendant, who had no reason to believe any law whatsoever required her to register. The Supreme Court held that the statute's "severity lies in the absence of an opportunity either to avoid the consequences of the law or to defend any prosecution brought under it." Id. at 229. Johnson, on the other hand, was well aware of his legal obligation to register

5

and fully able to avoid the consequences of the law by doing so.

Johnson correctly asserts that SORNA itself requires jurisdictions to explain registration obligations to sex offenders and ensure they sign a form acknowledging those obligations. 42 U.S.C. § 16917. However, Johnson has not shown that this provision intended a notification substantially different from that which he had already received from the states of Mississippi and Iowa. Johnson was already notified of his registration obligations by Mississippi and Iowa, and SORNA did nothing to change those obligations. Even if SORNA were to require a particular level of notification, it does not follow that a failure to supply that notification is a per se violation of Johnson's Due Process rights. Furthermore, while SORNA requires officials to notify sex offenders, receipt of notice is not an element of the offense. See 18 U.S.C. § 2250.

Ignorance of the law has never been a legitimate excuse for illegal behavior because people are expected to make themselves aware of the laws which apply to them. Where an entirely new requirement is created under which failure to act constitutes a crime, then due process may be violated if a defendant had no notice of any such requirement, as in Lambert. However, when the requirements of registration are known or even likely to be known, ignorance of the law is no excuse even in the context of offender registration. United States v. Mitchell, 2007 WL 2609784, *2 (W.D.

Ark., Sept. 6, 2007)(citing <u>Lambert</u>).  Unlike the defendant in <u>Lambert</u>, Johnson knew that he was required to notify Iowa of any address change and to notify Mississippi once he began to reside there.  Johnson was fully aware that his actions came with criminal penalties.  Because of other statutes requiring Johnson to register when he moved to Mississippi, due process did not require that he receive personal actual notice of SORNA's registration requirement.

**2. Whether SORNA violates the Ex Post Facto clause of the United States Constitution.**

Johnson next argues that his prosecution for a violation of 18 U.S.C. § 2250 violates the Ex Post Facto Clause of the Constitution.  Article I of the United States Constitution provides that Congress shall not pass any "<u>ex</u> <u>post</u> <u>facto</u> law."  U.S. Const. Art. I, § 9 cl. 3.  The two primary goals of the Ex Post Facto Clause are that legislative enactments "give fair warning of their effects and permit individuals to rely on their meaning until explicitly changed" and to prevent federal legislatures from enacting arbitrary vindictive legislation.  <u>Miller v. Florida</u>, 482 U.S. 423, 430 (1987).  Two critical elements must be present in order for a criminal or penal law to be declared <u>ex</u> <u>post</u> <u>facto</u>: "it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it."  <u>Weaver v. Graham</u>, 450 U.S. 24, 29 (1981) (footnotes omitted).

Johnson's violation of 18 U.S.C. § 2250 occurred in 2008 when he traveled in interstate commerce to Mississippi and failed to register as a sex offender upon his arrival in Mississippi. SORNA was enacted in 2006. Johnson is not being punished because he violated 18 U.S.C. § 2250 prior to its enactment; he is a sex offender who was required to register under SORNA, who traveled in interstate commerce, and "knowingly" failed to register or update a registration in the state in which he resided as required by SORNA. A law is not retrospective simply because it draws upon antecedent facts for its operation. United States v. Hemmings, 258 F.3d 587, 594 (7th Cir. 2001); F.D.I.C. v. Faulkner, 991 F.2d 262, 266 (5th Cir. 1993). Instead, in order to be in violation of the Ex Post Facto Clause it must retroactively define conduct as criminal to the detriment of the defendant. Hemmings, 258 F.3d at 594. Application of 18 U.S.C. § 2250 as applied to Johnson is not a violation of the Ex Post Facto Clause of the Constitution. The regulations of SORNA and penalties under 18 U.S.C. § 2250 for failure to comply are not punishment for past sex crimes, but rather are valid civil regulations intended to protect the public which carry corresponding criminal penalties for failure to comply.

**3. Whether 18 U.S.C. § 2250 violates the Tenth Amendment to the United States Constitution.**

Johnson argues that SORNA violates the Tenth Amendment by requiring State Officials to administer federal law. The Supreme

8

Court has held that a private citizen, acting on his own behalf and not in an official capacity or on behalf of the state citizenry, lacks standing to raise a Tenth Amendment claim. See Tenn. Elec. Power Co v. Tenn Val Auth., 306 U.S. 118, 145 (1939). Moreover, assuming standing, Johnson's argument nevertheless fails. The Tenth Amendment states that the "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." The Supreme Court has interpreted this Amendment to mean, in part, that "Congress cannot compel States to enact or enforce a federal regulatory program." Printz v. United States, 521 U.S. 898, 935 (1997). However, the regulatory scheme enacted by Congress in SORNA does not command state officers or their political subdivisions to do anything. Torres, 573 F.Supp.2d at 950. SORNA does not require a state to change its laws or procedures to comply with the federal sex offender registration program. Rather, a state can choose to implement SORNA or, in the alternative, choose not to implement SORNA and receive a reduction in federal funding. Pursuant to Congress' constitutionally authorized spending power, U.S. Const. Art. I §8, cl. 1, Congress "may attach conditions on the receipt of federal funds ... 'to further broad policy objectives by conditioning receipt of federal moneys upon compliance by the recipient with federal statutory and administrative directives.'" Id. at 951 (citing South Dakota v.

<u>Dole</u>, 483 U.S. 203, 206 (1987)(quoting <u>Fullilove v. Klutznick</u>, 448 U.S. 448, 474 (1980)).  In <u>Torres</u>, the court noted that every other federal court addressing this issue has rejected a defendant's Tenth Amendment argument.  <u>Id</u>.  Johnson has not shown that SORNA violates the Tenth Amendment to the Constitution.

**4. Whether 18 U.S.C. § 2250 violates the Non-Delegation Doctrine.**

Johnson next argues that Congress impermissibly delegated to the Attorney General the decision as to whether SORNA should be applied retroactively.  "The non-delegation doctrine is rooted in the principle of separation of powers that underlies our tripartite system of government."  <u>Mistretta v. United States</u>, 488 U.S. 361, 371 (1989).  However, the Supreme Court has stated that "the separation-of-powers principle, and the non-delegation doctrine in particular, do not prevent Congress from obtaining the assistance of coordinate branches."  <u>United States v. Madera</u>, 474 F.Supp.2d 1257, 1260 (M.D. Fla. 2007)(quoting <u>Mistretta</u>, 488 U.S. at 372).  Therefore, "[s]o long as Congress 'shall lay down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform, such legislative action is not a forbidden delegation of power.'"  <u>Mistretta</u>, 488 U.S. at 372 (quoting <u>J.W. Hampton, Jr. & Co. v. United States</u>, 276 U.S. 394, 409 (1928)).  The intelligible principal is satisfied if Congress clearly delineates the general

policy, the public agency which is to apply it, and the boundaries of this delegated authority. Id. at 372-73. Clearly, Congress laid down an intelligible principal to the Attorney General in 42 U.S.C. § 16901 when it stated in the "Declaration of Purpose": "In order to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators against the victims listed below, Congress in this Act establishes a comprehensive national system for the registration of those offenders[.]"

Johnson's retroactivity argument regarding the non-delegation doctrine is premised upon that portion of 42 U.S.C. § 16913(d) which grants to the Attorney General "the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section." 18 U.S.C. § 16913(d). At the time SORNA was enacted on July 27, 2006, Johnson was already required to maintain a current sex offender registration in accordance with the laws of Mississippi and Iowa. Johnson's obligation to register under SORNA was neither created nor altered by the interim rule adopted on February 27, 2007 which stated, "[t]he requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of

11

the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3. Assuming that Johnson has standing on the issue of non-delegation, it is clear that Congress provided intelligible principles by which to guide the executive delegation of authority; therefore, the non-delegation doctrine has not been violated. See Torres, 573 F. Supp. 2d at 948 (noting that not a single statute enacted since 1935 has been found to have violated the nondelegation doctrine). Johnson's argument is therefore without merit.

**5. Whether 18 U.S.C. § 2250 violates the Commerce Clause of the United States Constitution.**

Johnson next argues that SORNA and its criminal enforcement provision exceed Congress' constitutional power because the sex-offender registration requirements are purely local in nature and there is an insufficient relationship to interstate commerce. The Government contends that these provisions are within Congress' authority under the Commerce Clause, U.S. Const., Art. I § 8 cl. 3, and that SORNA's registration requirements, including the enforcement mechanism provided by 18 U.S.C. § 2250(a), are a valid exercise of Congress' authority to regulate the channels of, and persons and things in, interstate commerce.

SORNA and § 2250(a) represent a valid exercise of Congress' authority to address an issue that, because it involves the movement of sex offenders between states, and the adoption of

12

consistent standards and coordination among those jurisdictions, is beyond the power of any one state to comprehensively address. As the Supreme Court has explained, its cases "have identified three general categories of regulation in which Congress is authorized to engage under its commerce power." Gonzales v. Raich, 545 U.S. 1, 16 (2005); see also United States v. Lopez, 514 U.S. 549, 558-559 (1995). "First, Congress has authority to regulate and protect the instrumentalities of interstate commerce, and persons or things in interstate commerce." Raich, 545 U.S. at 16. "Second, Congress can regulate and protect the instrumentalities of interstate commerce, and persons or things in interstate commerce." Id. at 16-17. "Third, Congress has the power to regulate activities that substantially affect interstate commerce." Id. at 17.

Courts of appeals that have considered this question have recognized that § 2250(a) and SORNA's registration requirements come within the first two categories. See United States v. Howell, 552 F.3d 709, 713-717 (8th Cir. 2009)(upholding SORNA's registration requirements under the Commerce Clause and Necessary and Proper Clause); id. at 717 ("When § 16913 is analyzed in relation to the purpose of SORNA, it is evident § 16913 is an appropriate aid to the accomplishment of tracking the interstate movement of sex offenders.")(citing United States v. Darby, 312 U.S. 100, 121 (1941)); United States v. Hinkley, 550 F.3d 926, 940 (10th Cir. 2008)("By requiring that a sex offender travel in interstate

13

commerce before finding a registration violation, SORNA remains well within the constitutional boundaries of the Commerce Clause."); <u>United States v. Lawrance</u>, 548 F.3d 1329, 1336-1337 (10th Cir. 2008)(first and second categories support validity of SORNA and Section 2250(a)); <u>United States v. May</u>, 535 F.3d 912, 921-922 (8th Cir. 2008)("SORNA derives its authority from each prong of <u>Lopez</u> - and most specifically, the ability to regulate 'persons or things in interstate commerce' and 'the use of the channel of interstate commerce.'")  Additionally, the language of § 2250(a) itself reflects its status as legislation under the first two <u>Lopez</u> categories.  Section 2250(a)(2)(B), in relevant part, limits the section's application to a specific class of individuals - sex offenders who "travel in interstate or foreign commerce."  By requiring travel in commerce, rather than travel or other conduct "affecting commerce," Congress expressed its intent to address matters within the first two <u>Lopez</u> categories.

Johnson's conduct falls squarely within the concerns that caused the need for SORNA and 18 U.S.C. § 2250, a need which was addressed by Congress under its legislative authority granted by the Commerce Clause.  Johnson moved from state to state and failed to register and update his registration.  As a result of that movement, he impaired the ability of the states in which he has lived to monitor and supervise him.  Because application of § 2250(a) to Johnson is within the permissible scope of Congress'

14

Commerce Clause authority, Johnson's Commerce Clause challenge to Section 2250(a) and SORNA generally is without merit.

**6. Whether 18 U.S.C. § 2250 and SORNA are applicable to this defendant in the absence of the State of Mississippi adopting same.**

Johnson argues that Mississippi's current failure to implement SORNA precludes his prosecution, and therefore the indictment should be dismissed. Specifically, he argues that it would be impossible for him to register in Mississippi under SORNA, and therefore he cannot be prosecuted for failure to register as a sex offender.

The states are not required to implement SORNA until July 27, 2009, at the earliest. 42 U.S.C. § 16913(a) requires a convicted sex offender to register, and keep his registration current, in a state where he resides. Johnson, or any previously convicted sex offender, is not required to comply with the more complicated SORNA requirements until Mississippi adopts those procedures. As a resident of Mississippi and Iowa, Johnson was required to register as a sex offender prior to SORNA. Had Johnson chosen to do so, he could have registered in Mississippi and thereby complied with SORNA. Like the defendant in Torres, Johnson had the ability to comply with his obligations under SORNA for all periods relevant to this case, but chose not to do so. The court in Torres held that the defendant's due process rights were not violated because the defendant was required to register, despite Texas' failure to

implement SORNA.  573 F.Supp.2d at 943.  <u>See</u> <u>also</u> <u>United States v. Gould</u>, 526 F.Supp.2d 538, 542 (D. Md. 2007)("An offender's registration under SORNA does not hinge on implementation in his state.").  Johnson's argument is therefore without merit.

**7. Whether the regulations issued by the Attorney General of the United States violate the Administrative Procedure Act.**

Finally, the defendant argues that the Attorney General's Interim Rule, issued on February 28, 2007, violates the Administrative Procedures Act in that it was promulgated without the required thirty-day notice and comment period.  Johnson further argues that the Attorney General's reliance on the "good cause" exception to the notice and comment period is misplaced.

The Administrative Procedures Act provides that thirty (30) days prior to the effective date of a rule, publication and service must be effectuated.  5 U.S.C. § 553(d).  The thirty-day requirement provides for notice and comment by interested persons. 5 U.S.C. § 553(c).  An agency can, however, dispense with the thirty-day requirement if, for good cause, notice and comment would be "impracticable, unnecessary, or contrary to public interest." 5 U.S.C. § 553(b)(B).  The notice and comment requirement could be deemed contrary to the public interest if it impedes timely implementation of a statute as specifically required by that statute.  <u>See</u> <u>American Transfer & Storage Co. v. I.C.C.</u>, 719 F.2d 1283, 1293-94 (5th Cir. 1983)(finding good cause where procedural

reforms mandated by statute became effective immediately without a transition period for implementation); <u>Philadelphia Citizens in Action v. Schweiker</u>, 669 F.2d 877, 882-84 (3rd Cir. 1982)(finding good cause where certain amendments became effective by statute on a specific date, shortly after enactment).

Regarding SORNA, Congress specified that the purpose of SORNA was to protect the public and to create a comprehensive national system for registering sex offenders. 42 U.S.C. § 16901. Further, the Act became effective upon its enactment on July 27, 2006. 109 Pub.L. 248. The Interim Rule issued by the Attorney General on February 28, 2007, cited the public interest prong of 5 U.S.C. § 553(b) in finding that a prior notice and comment period, as well as a delayed effective date, would be contrary to public interest. "Applicability of SORNA," 72 Fed.Reg. At 8896-97. Specifically, the Attorney General explained that any "[d]elay in the implementation of this rule would impede the effective registration of such sex offenders and would impair immediate efforts to protect the public from sex offenders who fail to register through prosecution and the imposition of criminal sanctions." <u>Id</u>. at 8896. The Attorney General also cautioned that delaying implementation of the rule could result in "the commission of additional sexual assaults and child sexual abuse or exploitation offenses by sex offenders that could have been prevented had local authorities and the community been aware of their presence ...."

<u>Id</u>. at 8896-97.

In <u>United States v. Gould</u>, 526 F.Supp.2d 538 (D. Md. 2007), the United States District Court for the District of Maryland examined the Attorney General's Interim Order regarding SORNA, and agreed that it would be contrary to the public interest to require a notice and comment period for the Interim Rule. The district court found:

> The DOJ justification for immediate implementation was a need for legal certainty about SORNA's retroactive application to pre-SORNA convicted offenders and a concern for public safety that these offenders be registered as quickly as possible. [72 Fed.Reg.] at 8896. Delaying implementation of the Interim Order to meet the formal rulemaking requirements of the APA would be contrary to the public interest. The DOJ's valid concern for public safety, legal certainty, and swift implementation of the rule was adequately justified in its interim order. Moreover, DOJ has since issued proposed guidelines that are open to the formal public notice and comment review period. The Attorney General demonstrated good cause for failing to comply with the strictures of the APA, therefore, the Interim Order was valid.

<u>Id</u>. at 546 (footnote omitted).

This Court agrees that because there was good cause for rapid implementation of the Interim Rule, it falls within the exception to the notice and comment requirements under the APA, and is not arbitrary and capricious.

The Court therefore concludes that none of the defendant's grounds for dismissal are well taken. Accordingly,

IT IS HEREBY ORDERED that the defendant Undra Demetrius Johnson's motion to dismiss the indictment **(docket entry 16)** is

DENIED.

SO ORDERED, this the 15th day of July, 2009.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE